IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN D. HOWSER**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**ROBERTS WAREHOUSING, INC., JODY ROBERTS, KARI J. MOORE, and WILLIAM N. ROBERTS.**<br><br>Defendants. | Civil Action No.:  14-36 Erie<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, **JOHN D. HOWSER**, individually and on behalf of all others similarly situated, by and through his attorneys JTB LAW GROUP, LLC, alleges upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover monetary damages, liquidated damages, costs, pre and post-judgment interest, and reasonable attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and Title 29 of the Code of Federal Regulations.

2. Plaintiff also brings this action, individually and as a class action on behalf of all others similarly situated, to recover monetary damages, liquidated damages, costs, pre and post-judgment interest, and reasonable attorneys' fees under the Pennsylvania Minimum Wage Act, 35 P.S. § 333.101 *et seq.* ("PMWA") and Regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("WPCL").

3. Specifically, this collective/class action is brought in connection with Defendants' violations of their statutory obligations to pay their non-exempt, hourly employees overtime compensation, at a rate not less than one and one-half (1.5) times their *regular rate* of pay for work in excess of forty (40) hours per week, pursuant to 29 U.S.C. § 207(a)(1) and 35 P.S. § 333.104(c), by failing to include all remuneration, specifically the non-discretionary bonus described herein, in the employees' *regular rate* of pay before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e), 29 CFR Part 778, and 34 Pa. Code § 231.43.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described federal and state statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a Federal Statute.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

8. Defendant, **ROBERTS WAREHOUSE, INC.**, is a domestic for-profit corporation organized and existing under the laws of the State of Pennsylvania.

9. Upon information and belief, Defendant, **ROBERTS WAREHOUSE, INC.**, engages in interstate commerce as that term is defined under the FLSA, and maintains its principal office at 5501 Route 89 North East, PA 16428.

10. According to its website, **ROBERTS WAREHOUSE, INC.**, currently has "four (4) facilities totaling 500,000 sq. ft. of space all in Erie County" and houses "a variety of dry goods for a number of companies." All of its facilities "are conveniently located from Interstate 90." Furthermore, **ROBERTS WAREHOUSE, INC.** "currently manages over 300,000 square feet of storage space, with future expansion plans targeted in early 2014." **ROBERTS WAREHOUSE, INC.** provides warehousing and logistics services by "receiving, storing and distributing" materials for its customers.

11. Upon information and belief, Defendant **JODY ROBERTS** is the President and a shareholder of **ROBERTS WAREHOUSE, INC.** and is personally involved in the daily operation and management of all of the **ROBERTS WAREHOUSE, INC.**'s facilities.

12. Upon information and belief, Defendant **KARI J. MOORE** is the Treasurer and a shareholder of **ROBERTS WAREHOUSE, INC.** and is personally involved in the daily operation and management of all of the **ROBERTS WAREHOUSE, INC.**'s facilities.

13. Upon information and belief, Defendant **WILLIAM N. ROBERTS** is the Vice President and a shareholder of **ROBERTS WAREHOUSE, INC.** and is personally involved in the daily operation and management of all of the **ROBERTS WAREHOUSE, INC.**'s facilities.

14. At all times relevant herein, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

15. At all times relevant herein, Defendants operated and controlled an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

16. At all relevant times herein, Plaintiff, **JOHN D. HOWSER**, is/was a resident of the

3

City of Ripley, County of Chautauqua and State of New York. Mr. Howser's residence is close to the New York-Pennsylvania border and less than ten (10) miles drive from **ROBERTS WAREHOUSE, INC.**'s warehouse located at 5501 Route 89 North East, PA 16428.

17. Upon information and belief, Plaintiff, **JOHN D. HOWSER**, was employed by Defendants as a non-exempt hourly employee starting approximately December 2010 to May 2013 where he worked as a picker operator at Defendants warehouse at 5501 Route 89 North East, PA 16428.

## FACTUAL ALLEGATIONS

18. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

19. At all times material and relevant herein, Defendants were jointly the "employer" of Plaintiffs and similarly situated non-exempt hourly employees within the meaning of 29 U.S.C §203(d).

20. At all times material and relevant herein, Defendants either directly or indirectly hired Plaintiff and similarly situated non-exempt hourly employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

21. Upon information and belief, during the applicable statutory period, Defendants employed around One Hundred and Fifty (150) non-exempt hourly paid "operator" employees at their 5501 Route 89 North East, PA 16428 location.

22. Upon information and belief, at all times material and relevant herein, Plaintiff and the similarly situated non-exempt hourly "operator" employees performed job duties that do not

4

fall within any exemptions under the FLSA and/or PMWA. Their primary job duties include operating machinery such as pallet jacks and forklifts in the warehouse to load/unload and move around customers' materials in the inventory and loading dock.

23. Upon information and belief, Defendants implements incentive pay policy by paying Plaintiff and the similarly situated non-exempt hourly operators nondiscretionary incentive bonus in addition to their hourly pay.

24. Upon information and belief, at all times material and relevant herein, Plaintiff and the similarly situated non-exempt hourly "operator" employees were regularly required by Defendants to work more than forty (40) hours.

25. Upon information and belief, Plaintiff, **JOHN D. HOWSER**, was regularly required to work over forty (40) hours every other week.

26. Upon information and belief, Defendants failed to pay their non-exempt hourly "operator" employees overtime compensation at a rate not less than one and one-half (1.5) times their *regular rate* of pay for work in excess of forty (40) hours per week as required by U.S.C. § 207(a)(1) and 35 P.S. § 333.104(c).

27. More specifically, Defendants failed to include the aforesaid non-discretionary bonus pay in the employee's *regular rate* of pay before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e), 29 CFR Part 778, and 34 Pa. Code § 231.43.

28. For example, attached as **Exhibit A** are three (3) of Plaintiff, **JOHN D. HOWSER**'s paystubs pay periods ending February 24, 2013, April 21, 2013 and March 10, 2013. **Exhibit A** shows **ROBERTS WAREHOUSE, INC.** established a weekly pay period.

29. As shown on **Exhibit A**, Mr. Howser worked 5.50 overtime hours and earned $72.00 in nondiscretionary bonus during pay period ending February 24, 2013; worked 8.25 overtime

5

hours and earned $99.00 in nondiscretionary bonus during pay period ending April 21, 2013; and worked 6 overtime hours and earned $99.00 in nondiscretionary bonus during pay period ending March 10, 2013. Defendants paid Mr. Howser overtime at time and half (1.5) his base rate of pay *only* and failed to include his bonus pay in his *regular rate* before overtime compensation was computed, in violation of the FLSA and PMWA.

30. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiff and the similarly situated non-exempt hourly "operator" employees, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

31. Upon information and belief, Defendants never posted a notice explaining the overtime pay rights provided by FLSA in any area of its business facility where Plaintiff and the similarly situated non-exempt hourly "operator" employees were employed, in violation of 29 C.F.R. §516.4.

32. Upon information and belief, at all times material and relevant herein, Defendants consistently and continuously enforced a uniform policy and/or practice of permitting, encouraging and/or requiring Plaintiff and the similarly situated non-exempt hourly "operator" employees to work over 40 hours per week without properly paying them overtime compensation by including bonus pay in their *regular rate* of pay before statutory overtime compensation is computed.

33. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Pennsylvania Workforce Commission, or any administrative practice or enforcement

policy of such a department or bureau.

34. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

35. Defendants were required by law to record the hours worked by Plaintiff and the similarly situated non-exempt hourly "operator" employees. Defendants have, or should have, records sufficient to permit a calculation of the hours worked, nondiscretionary bonus amounts earned, and the overtime underpayments, for Plaintiff and the similarly situated non-exempt hourly "operator" employees.

36. At this time and prior to conducting discovery, Plaintiff and the similarly situated non-exempt hourly "operator" employees do not have sufficient documents or information in their possession to calculate their total unpaid overtime wages. Plaintiff and the similarly situated non-exempt hourly "operator" employees reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

37. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

38. Plaintiff brings this collective and class action individually and on behalf of all other similarly situated non-exempt hourly "operator" employees who were/are affected by Defendants' willful and intentional violation of the FLSA and Pennsylvania wage and hour laws as described in this Complaint.

39. Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all unpaid overtime

7

compensation for hours in a work week in excess of forty (40) pursuant to the FLSA and Title 29 of the Code of Federal Regulations.

40. Plaintiff also brings this class action to recover monetary damages owed by Defendants to Plaintiff and members of the putative class for all unpaid overtime compensation for hours in a work week in excess of forty (40) pursuant to the Pennsylvania Minimum Wage Act, 35 P.S. § 333.101 *et seq.* ("PMWA") and Regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("WPCL").

41. Plaintiff brings this claim for relief for violation of the FLSA and Title 29 of the Code of Federal Regulations, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> **All current and former non-exempt hourly employees who:**
>
> **1) worked/work for Defendants as an "operator" in the state of Pennsylvania during the applicable statutory period; and**
>
> **2) did not have their bonus pay factored into their overtime pay.**

42. Plaintiffs bring this claim for relief under Rule 23 of the Federal Rules of Civil Procedure and the PMWA and its Regulations as well as the WPCL. The proposed class is defined as follows:

> **All current and former non-exempt hourly employees who:**
>
> **1) worked/work for Defendants as an "operator" in the state of Pennsylvania during the applicable statutory period; and**
>
> **2) did not have their bonus pay factored into their overtime pay.**

43. This action is properly brought as a collective action pursuant to the collective action

8

procedures of the FLSA and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The collective/class is so numerous that joinder of all members is impractical. While the exact number and identities of putative collective/class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that around one hundred and fifty (150) putative collective/class members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

44. This litigation is properly brought as a collective/class action because of the existence of questions of fact and law common to the collective/class which predominates over any questions affecting only individual members, including:

1) Whether Defendants are liable to Plaintiffs and members of the collective/class for violations of the FLSA and Pennsylvania wage and hour laws;

2) Whether Plaintiffs and members of the collective/class worked in excess of forty (40) hours in a week; and

3) Whether Defendants failed to pay Plaintiff and members of the collective/class overtime compensation at a rate not less than one and one-half (1.5) times their *regular rate* of pay for all hours in the work week in excess of forty (40) by failing to include all remuneration, specifically the nondiscretionary bonus described herein, in the employee's *regular rate of pay* before statutory overtime compensation is computed.

45. This litigation is properly brought as a collective/class action because Plaintiff's claims are typical of the claims of the members of the collective/class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all collective/class members, Plaintiff was damaged by Defendants' system-wide policies and

practices of failing to pay overtime compensation at a rate not less than one and one-half (1.5) times their *regular rate* of pay for all hours in a work week in excess of forty (40), in violation of the FLSA and Pennsylvania wage and hour laws.

46. A collective/class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   1) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue savings to both the Court and the collective/class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

   2) Despite the size of individual collective/class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated as a collective/class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   3) No unusual difficulties are likely to be encountered in the management of this collective/class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the collective/class.

47. Collective/Class certification is also fair and efficient because prosecution of separate actions by individual collective/class members would create a risk of differing adjudications with respect to such individual members of the collective/class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48. Plaintiffs anticipate that there will be no difficulty in the management of this litigation.

This litigation presents FLSA claims of a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

49. Plaintiff and the putative collective/class members demand a trial by jury.

### FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA Wage Provisions)

50. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Defendants required Plaintiff to work more than forty (40) hours every other week.

52. Defendants violated their statutory obligations to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times his *regular rate* of pay for hours in a work week in excess of forty (40), by failing to include all remuneration, specifically the non-discretionary bonus incentive in this instant action, in the employee's *regular rate* before statutory overtime compensation is computed.

53. Defendants' failure to pay Plaintiff proper overtime compensation for hours in a work week in excess of forty (40) violates the FLSA and Title 29 of the Code of Federal Regulations.

54. Defendants' uniform conduct and practices, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

55. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

56. As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial,

and is entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA Wage Provisions)

57. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

58. Defendants required Plaintiff and the similarly situated non-exempt hourly "operator" employees to work more than forty (40) hours a week.

59. Defendants violated their statutory obligations to pay Plaintiff and the similarly situated non-exempt hourly "operator" employees overtime compensation at a rate not less than one and one-half (1.5) times their *regular rate* of pay for hours in a work week in excess of forty (40), by failing to include all remuneration, specifically the non-discretionary bonus incentive in this instant action, in the employee's *regular rate* before statutory overtime compensation is computed.

60. Defendants' failure to pay Plaintiff and the similarly situated non-exempt hourly "operator" employees proper overtime compensation for hours in a work week in excess of forty (40) violates the FLSA and Title 29 of the Code of Federal Regulations.

61. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

62. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

63. As a result of Defendants' foregoing violation, Plaintiff and the similarly situated non-

exempt hourly "picker" employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### THIRD CLAIM FOR RELIEF
(Individual Claim for Violation of the PMWA and WPCL)

64. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

65. Defendants required Plaintiff to work more than forty (40) hours every other week.

66. Defendants violated their statutory obligations to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times his *regular rate* of pay for hours in a work week in excess of forty (40), by failing to include all remuneration, specifically the non-discretionary bonus incentive in this instant action, in the employee's *regular rate* before statutory overtime compensation is computed.

67. Defendants' failure to pay Plaintiff proper overtime compensation for hours in a work week in excess of forty (40) violates the PMWA and its Regulations as well as the WPCL.

68. Defendants' uniform conduct and practices, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

69. As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to the WPCL.

## FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the PMWA and WPCL)

70. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

71. Defendants required Plaintiff and the similarly situated non-exempt hourly "operator" employees to work more than forty (40) hours a week.

72. Defendants violated their statutory obligations to pay Plaintiff and the similarly situated non-exempt hourly "operator" employees overtime compensation at a rate not less than one and one-half (1.5) times their *regular rate* of pay for hours in a work week in excess of forty (40), by failing to include all remuneration, specifically the non-discretionary bonus incentive in this instant action, in the employee's *regular rate* of pay before statutory overtime compensation is computed.

73. Defendants' failure to pay Plaintiff and the similarly situated non-exempt hourly "operator" employees proper overtime compensation for hours in a work week in excess of forty (40) violates the PMWA and its Regulations as well as the WPCL.

74. Defendants' uniform policy and practice, as described above, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

75. As a result of Defendants' foregoing violation, Plaintiff and the similarly situated non-exempt hourly "operator" employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to the WPCL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the putative collective/class members demand declaratory, injunctive and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

A. A declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B. A declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Pennsylvania Minimum Wage Act, 35 P.S. § 333.101 *et seq.* ("PMWA") and Regulations, 34 Pa. Code § 231.1 *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ("WPCL").

C. An Order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA and Pennsylvania wage and hour laws;

D. An Order designating this action as a Collective action on behalf of the FLSA Collective and the undersigned Plaintiffs' counsel as Collective Counsel, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

E. An Order designating this action as a Class action on behalf of the Rule 23 Class and the undersigned Plaintiffs' counsel as Class Counsel;

F. An Order designation Plaintiff, **JOHN D. HOWSER**, as a representative of the proposed FLSA Collective and Rule 23 Class.

G.  An Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked and bonus actually earned by the Plaintiff and all putative collective/class members;

H.  Judgment for unpaid overtime compensation to which Plaintiffs and members of the collective are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

I.  Judgment for unpaid overtime compensation to which Plaintiffs and members of the class are lawfully entitled pursuant to the PMWA and it Regulations as well as the WPCL.

J.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all overtime compensation owed to Plaintiffs and members of the Collective during the applicable statutory period.

K.  Judgment for liquidated damages pursuant to the WPCL in an amount equal to twenty-five percent (25%) of the total amount owed to Plaintiffs and members of the Class, or five hundred ($500) per individual, whichever is greater, during the applicable statutory period.

L.  An Order directing Defendants to pay Plaintiff and members of the putative collective pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201, *et seq.*

M.  An Order directing Defendants to pay Plaintiff and members of the putative class pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the WPCL.

N.  Judgment for any and all civil penalties to which Plaintiffs and members of the collective/class may be entitled.

O. An Order directing Defendants to pay incentive awards for the lead Plaintiff.

P. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

Q. Equitably tolling for the Collective effective the date of the filing of the instant Complaint.

R. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: February 6, 2014

Respectfully submitted,

**JTB LAW GROUP, LLC**

**By:** **/s/Jason T. Brown**
Jason T. Brown
jtb@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
Tel: (201) 630-0000
Fax: (855) 582-5297

*Attorneys for Plaintiffs*